FILED
2012 Sep-28  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SCARLETT GOODWIN, as the **Dependent Widow of Robert Goodwin, deceased, and as the Administratrix of the Estate of Robert Goodwin, deceased,** | } } } } } | |
| Plaintiff, | } } | CASE NO. 2:12-cv-0033-SLB |
| v. | } } | |
| DEWIGHT REYNOLDS, an individual; FIKES TRUCK LINE, LLC, a company; SEQUA CORPORATION d/b/a/ PRECOAT METALS, a corporation; et al., | } } } } } } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

This case is currently before the court on plaintiff Scarlett Goodwin's ("plaintiff")

combined Motion to Remand, Stay, or in the alternative Dismiss. (Doc. 7.)[1] Upon

consideration of the Motion, the relevant law, and arguments of counsel, the court is of

the opinion that plaintiff's Motion to Remand is due to be denied; her alternative Motion

to Dismiss will be granted; the Motion to stay is moot.

**I. FACTS AND PROCEDURAL HISTORY**

This case arises out of the alleged negligent acts and vicarious liability of

defendants, which resulted in the wrongful death of plaintiff's husband and for whom

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each
document as it is filed in the court's record.

plaintiff brings this suit.  Plaintiff is the duly appointed Administratrix of the Estate of

Robert Goodwin ("plaintiff's decedent").  (Doc. 1-2 ¶ 1.)  On March 14, 2011 plaintiff's

decedent was working on behalf of or as an employee of defendant Fikes Truck Line,

LLC ("Fikes") and was delivering sheet metal to defendant Precoat Metals Corp.

("Precoat") with another co-employee, defendant DeWight Reynolds ("Reynolds") and

other unnamed defendants.[2]  (*Id.* ¶ 24.)  According to the Complaint, at some point during

the delivery, plaintiff's decedent was standing near the tractor-trailer used for making the

delivery when Reynolds drove the tractor-trailer into the delivery bay at Precoat and

"struck Plaintiff's decedent and ran over him."  (*Id.*)  The Complaint asserts claims of

negligence, wantonness, negligent hiring, training, supervision, and retention, and wanton

hiring, training, supervision, and retention.  (*Id.* ¶¶ 27-46.)

    Plaintiff filed her Complaint in the Circuit Court of Jefferson County, Alabama,

Bessemer Division on December 29, 2011.  On the same day, plaintiff requested and paid

for service to be issued to defendants by certified mail.  (Doc. 1-1 at 2-4.)  At the same

time, plaintiff also mailed courtesy copies of the Complaint by certified mail to

defendants using the same addresses listed on the service requests.  (Doc. 7-1 ¶ 3.)  Then,

on January 4, 2012, Precoat filed its Notice of Removal.  (Doc. 1.)  This case was

removed as a diversity action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a), and

the Notice of Removal noted that Reynolds, the only named Alabama defendant, was not

---

[2] The Complaint lists 17 unnamed or otherwise fictitious party defendants.  (Doc. 1-2.)

served at the time the Notice was filed.  (*Id.* at 6.)  In its Notice, Precoat also indicated

that at the time of filing the Notice, it had not received service of the summons and

Complaint.  (*Id.* at 1-2.)  Indeed, according to plaintiff's Motion, due to shortages and

oversight, the Bessemer Division of the Jefferson County Clerk's Office did not process

plaintiff's service requests.  (Doc. 7 at 3.)  Precoat claims in its Response to plaintiff's

Motion that its counsel first received a copy of the Complaint from counsel for Fikes.

(Doc. 8 at 16.)  Plaintiff filed her Motion to Remand on February 2, 2012.  (Doc. 7.)

According to the Motion, none of the defendants received service of process until

sometime after January 17, 2012.[3]  (*Id.* at 3.)

The gist of plaintiff's Motion to Remand rests on the premise that removal in this

case is improper because one of the defendants, Reynolds, is a citizen of the state in

which the action is being brought thereby allegedly violating the so-called "forum

defendant rule."  *See* 28 U.S.C. § 1441(b).  According to the Complaint, plaintiff is a

citizen of Ohio.  (Doc. 1-2 ¶ 1.)  Fikes is a corporate citizen of Arkansas, and Precoat is

incorporated in Delaware and maintains its principal of business in Missouri.  (Doc. 1 at

3.)  Reynolds is a citizen of Jefferson County, Alabama.  (Doc. 1-2 ¶ 2.)  Precoat counters

that removal is proper because it filed the Notice of Removal prior to Reynolds being

served, and thus, under the literal language of 28 U.S.C. § 1441(b), the action is

---

[3] The record in this court reflects that Reynolds was served on March 5, 2012.  (Doc. 15.)

removable because Reynolds was not "properly joined and served" as a defendant at the time of revmoal.

## II. DISCUSSION

### A. Motion to Remand

### 1. Removal Jurisdiction and Procedure

Generally, any action filed in state court, which a district court would have original jurisdiction over, "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, when the claim involved would only satisfy federal jurisdiction under diversity of citizenship, Section 1441(b) specifies that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[4] Defendants must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Id.* § 1446(b). Except where it is claimed that the district court lacks subject matter jurisdiction, a motion to remand "must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.* § 1447(c).

---

[4] As both parties note, some of the federal venue and jurisdictional statutes were recently amended by Congress under the Federal Courts Venue Clarification Act of 2011; however, the Act only applies to actions commenced in state court after January 6, 2012 (30 days following enactment), and thus, does not apply to this case, which was filed on December 29, 2011. *See* Pub. L. No. 112-63, § 105, 125 Stat. 758, 762 (2012).

It is well-settled in the Eleventh Circuit that removal statutes are narrowly construed.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010). Further, the Eleventh Circuit recognizes that "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)).  Defendants bear the burden of showing removal is appropriate.  *See Murphree v. Am. Fed'n of Gov't Emps., AFL-CIO*, 4:11-CV-2563-KOB, 2012 WL 1058358, at *2 (N.D. Ala. Mar. 27, 2012) (citing *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir.2002)).

## 2. Forum Defendant Rule As Applied to This Case

Plaintiff confines her Motion to Remand to an alleged defect in removal and does not dispute that this court would otherwise have original jurisdiction in this case under diversity of citizenship pursuant to 28 U.S.C. § 1332.  (Doc. 7 at 5.)  Thus, the only question before the court is whether removal by Precoat was proper notwithstanding the presence of Reynolds as an unserved forum defendant.  As discussed and quoted above, the removal statute contains an exception to removal in cases of diversity jurisdiction where a defendant is a citizen of the same state as the district court in which removal is sought.  28 U.S.C. § 1441(b).  This is the so-called "forum defendant rule," and as one district court has explained, the rationale underlying diversity jurisdiction–protecting

foreign defendants from potential local bias in state courts–is absent in the context of the

rule, "because a forum state defendant does not need the protection of removal rights."

*Masterson v. Apotex, Corp.*, 07-61665-CIV, 2008 WL 2047979, at \*2 (S.D. Fla. May 13,

2008); *see also Hawkins v. Cottrell*, 785 F. Supp. 2d 1361, 1372 (N.D. Ga. 2011) ("Since

a defendant has no risk of suffering even presumptive local prejudice in a state court

located in his or her home state, there is no reason to provide that defendant [via removal]

the option of a federal forum.").  Plaintiff seizes upon this and related policy arguments to

persuade the court that this case should be remanded.  Precoat responds, however, that the

plain language of the statute permits removal under 28 U.S.C. 1441(b) because at the time

of removal, Reynolds, the resident defendant, had not been properly joined and served as

a defendant. (Doc. 8 at 2.)  Thus, Precoat argues that removal in this case "complies–to

the letter–with the unambiguous wording of" the statute.  (*Id.*)

   **a. Split of Authority**

   The parties' opposing arguments illustrate the divide between district courts

regarding the application of 1441(b) under facts identical or close to those presented in

this case.  This split in authority appears to be driven by two factors.  First, there is

virtually no circuit court precedent reviewing remand orders pursuant to 28 U.S.C. §

1441(b).[5]  Second, there is no legislative history addressing Congress's addition of

_____

   [5] The noted dearth of circuit court precedent concerning this precise issue stems from 28
U.S.C. § 1447(d), which limits appellate review of remand orders to civil rights cases removed
under Section 1443.  However, the Sixth Circuit Court of Appeals has opined in *dictum* that
"[w]here there is complete diversity of citizenship, . . . the inclusion of an *unserved* resident

"properly joined and served" to Section 1441 in 1948. *E.g.*, *Sullivan v. Novarits Pharm. Corp.*, 575 F. Supp. 2d 640 (D.N.J. 2008) (citations omitted) (citing to a number of legislative reports and observing that after an exhaustive examination of the legislative history accompanying the 1948 amendments to Title 28 "[t]he court has been able to locate neither a specific statement from Congress nor from the advisory Committee . . . regarding the addition of the 'properly joined and served language.'"). It has been noted, however, that the "majority" of courts follow the plain language of 1441(b) and allow non-forum defendants to remove where a forum defendant remains unserved. *North v. Precision Airmotive Corp.,* 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) (citing twelve district court decisions finding the same). In *Precision*, a non-forum defendant removed the case from a Florida state circuit court six days after it was filed and prior to service on any defendants. *Id.* at 1264. After determining that jurisdiction existed based on diversity of citizenship, the District Court for the Middle District of Florida held that the forum defendant rule did not bar removal because the Florida defendants were not served at the time one of the non-forum defendants removed the case. *Id.* at 1270. Relying on analogous Supreme Court precedent regarding statutory interpretation, the *Precision* court held that the plain language of Section 1441(b) controls and should not be questioned in the absence of legislative history to the contrary:

---

defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (citations omitted).

> Although Congress may not have anticipated the possibility that
> defendants could actively monitor state court dockets to quickly
> remove a case prior to being served, on the facts of this case,
> such a result is not so absurd as to warrant reliance on "murky"
> or non-existent legislative history in the face of an otherwise
> perfectly clear and unambiguous statute. Nonetheless, if
> Congress intends a different result, "it is up to Congress rather
> than the courts to fix it."
>
> . . . .
>
> [T]he Court concludes that, in a completely diverse case such as
> this one, a non-forum defendant that has not yet been served
> may remove a state court action to federal court under Section
> 1441(b) notwithstanding the fact that the plaintiff has already
> joined-but not yet served-a forum defendant.

*Id.* at 1269-70 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 565

(2005)).

On the other hand, some district courts have held that despite a lack of legislative

history addressing the purpose of the disputed language in Section 1441(b), removal in

situations such as this case is improper because interpreting the statute as allowing

removal in these cases would lead to "absurd results that are inconsistent with

congressional intent. *See Sullivan*, 575 F. Supp. 2d 640.  In *Sullivan*, the forum defendant

removed the case from the New Jersey Superior court prior to service.  *Id.* at 641.

Because there was complete diversity, the defendant argued that removal was appropriate

as it was not a party "properly joined and served" under Section 1441(b).  *Id.* at 641-42.

The District Court for the District of New Jersey noted the split of authority regarding

Section 1441(b), but reasoned that when Congress added "joined and served" to the

statute it likely did not intend to create a loophole to allow removal in the case of

unserved forum defendants. *Id.* at 645. However, the *Sullivan* court also conceded that

"the legislative history is all but silent on the issue." *Id.* Despite the lack of legislative

history, the court held that allowing removal under the plain meaning of Section 1441

created "bizarre or absurd" results inconsistent with congressional intent. *Id.* at 646-47.

**b. The Plain Language of Section 1441(b) Permits Removal in This Case**

Turning to the statute itself, the court finds its language is clear, and thus, like

other district courts within the Eleventh Circuit, will not stray from its plain and

unambiguous words. *See, e.g.*, *Gibson v. Wal-Mart Stores East, LP*, No. 5:09-CV-228

(HL), 2010 WL 419393, at *4 n.2 (M.D. Ga. 2010) ("The court concludes, 'The statute is

clear. The presence of unserved resident defendants does not defeat removal [by the non-

forum defendant] where complete diversity exists.'" (quoting *Wensil v. E.I. Dupont De

Nemours & Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992))); *Lemley v. Midwest Automation,

Inc.*, No. 08-0738-KD-B, 2009 WL 1211382, at *1 (S.D. Ala. May 1, 2009) (denying

motion to remand even though forum-defendant was served literally one minute after

non-forum defendant filed the notice of removal); *Precision Airmotive,* 600 F. Supp. 2d at

1270 ("the Court concludes that, in a completely diverse case such as this one, a non-

forum defendant that has not yet been served may remove a state court action to federal

court under Section 1441(b) notwithstanding the fact that the plaintiff has already joined-

but not yet served-a forum defendant."); *Bolin ex rel. Bolin v. SmithKline Beecham Corp.*,

No. 08-60523-CIV, 2008 WL 3286973, at *2 (S.D. Fla. Aug. 7, 2008) (footnote omitted)

(denying motion to remand and explaining that "in the limited situations such as the

present case when a non-forum state defendant removes a case also involving a forum

defendant, it is necessary to only consider properly served defendants so as to not allow a

plaintiff to thwart removal rights of diverse, non forum state defendants by not serving

the forum state defendant.").  Indeed, plaintiff concedes in her Motion to Remand that a

plain reading of Section 1444(b) favors removal; however, plaintiff argues that one of the

exceptions to the plain meaning rule is due to be applied in this case–applying the

statute's plain meaning would lead to an absurd result, and thus, remand is more

appropriate. (Doc. 7 at 6.)

The court must follow this Circuit's standard of statutory interpretation.  "The first

rule in statutory construction is to determine whether the 'language at issue has a plain

and unambiguous meaning with regard to that particular dispute.'" *Shotz v. City of*

*Plantation, Fla.*, 344 F.3d 1161, 1167 (11th Cir. 2003) (quoting *United States v. Fisher*,

289 F.3d 1329, 1337-38 (11th Cir. 2002), *cert. denied*, 537 U.S. 1112 (2003)).  If the

language of the statute is clear, the court "'need not resort to legislative history.'"  *Durr v.*

*Shinseki,* 638 F.3d 1342, 1348 (11th Cir. 2011) (quoting *CBS Inc. v. PrimeTime 24 Joint*

*Venture,* 245 F.3d 1217, 1222 (11th Cir. 2001)).  It is also well-settled in the Eleventh

Circuit that the court will not question unambiguous statutory language except to avoid an

"'unjust or absurd conclusion.'"  *Durr*, 638 F.3d at 1349 (quoting *In re Graupner*, 537

F.3d 1295, 1302 (11th Cir. 2008)). However, the Eleventh Circuit has said that such an

exception is implemented sparingly: "'[T]o justify a departure from the letter of the law

upon that ground, the absurdity must be so gross as to shock the general moral or

common sense.'" *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1334 (11th Cir.

2005) (quoting *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930)).

The court is of the opinion that following the plain language of Section 1441(b)

and permitting removal in this case does not lead to an absurd result "so gross as to shock

the general moral or common sense." *Id.* As already discussed and conceded by plaintiff

in her Motion to Remand, upon removal, the court maintained jurisdiction under diversity

of citizenship. Precoat met its burden of proving the amount in controversy exceeds the

$75,000 minimum jurisdictional requirement. (*See* doc. 1 at 4-5.) The Complaint was

filed on December 29, 2011–a Thursday–and Precoat, a non-forum defendant, filed its

Notice of Removal six days later on January 4, 2012–the following Wednesday.[6] (*Id.* at

2.) Reynolds, although a citizen of Alabama, and thus a forum-defendant, was not

"properly joined served" until March 5, 2012. (Doc. 15.) Although the underlying

---

[6] The court notes that plaintiff only had three business days after the Complaint was filed
to serve Reynolds before the case was removed. (Doc. 1 at 2.) But, contrary to the assertions of
plaintiff, Precoat's removing this case under the plain language of Section 1441(b) is not, in the
court's opinion, the result of unfair monitoring of the state court docket or improper
"gamesmanship." (Doc. 7 at 11-14.) According to its Response, Precoat first received notice of
this suit via counsel for defendant Fikes who sent a copy of the Complaint to Precoat's counsel.
(Doc. 8 at 16.) Further, the removal statutes contain no waiting period regarding how quickly
defendants may remove a case but instead limit removal to thirty days with certain qualifications.
*See* 28 U.S.C. § 1446.

purpose of diversity jurisdiction in the context of removal is not as critical in the presence

of a forum defendant, Section 1441(b) unambiguously applies only to such defendants

"properly joined and served":

> The purpose of the forum state defendant rule is to allow
> plaintiffs to choose a forum because a forum state defendant
> does not need the protection of removal rights. However, in the
> limited situations such as the present case when a non-forum
> state defendant removes a case also involving a forum
> defendant, it is necessary to only consider properly served
> defendants so as to not allow a plaintiff to thwart removal rights
> of diverse, non forum state defendants by not serving the forum
> state defendant. To avoid this result, plaintiffs can control the
> situation by attempting immediate service upon a forum state
> defendant when filing such a case in state court.

*Bolin*, 2008 WL 3286973, at *2 (footnote omitted).  The court does not suggest that

plaintiff improperly joined Reynolds as a forum-defendant to prevent removal and notes

that plaintiff was not responsible for the delay in processing the service requests by the

state court.  However, "[t]he court declines plaintiff['s] invitation to assume the role of

Congress and modify the statute to give plaintiff[] a 'reasonable opportunity' to serve

[the] forum defendant[] before a non-forum defendant can remove the case." *Lemley*,

2009 WL 1211382, at *1 n.2.  In fact, to hold otherwise, would read the phrase "and

served" out of the statute and render it superfluous. *See Shotz v. City of Plantation, Fla.*,

344 F.3d 1161, 1173 (11th Cir. 2003).

It is worth noting that one district court in Georgia has read Section 1441(b) as

requiring service on at least one defendant prior to removal. *Hawkins v. Cottrell, Inc.*,

785 F. Supp. 2d 1361, 1369-70 (N.D. Ga. 2011).  In *Hawkins*, the sole defendant, a

resident Georgia corporation, removed the case to the district court prior to being served.

785 F. Supp. 2d at 1364.  Although plaintiffs and defendant were diverse, plaintiffs

argued it was improper for a forum defendant to remove.  *Id.*  Plaintiffs conceded that the

plain language of Section 1441 favored defendant's position as an unserved forum

defendant but argued that such a result was absurd.  *Id.* at 1365.  Despite plaintiffs'

concession, the *Hawkins* court found that under a plain reading of the statute, the

placement of the phrase "none of the parties in interest" in front of "properly joined and

served" "implies that there is at least one defendant that is a party in interest that has been

properly joined and served."  *Id.* at 1369.  The *Hawkins* court thus concluded that because

the sole defendant was unserved, there was no "party in interest" thereby making removal

improper under a plain reading of the statute.  *Id.*

     The court declines to adopt as persuasive authority the reading of Section 1441(b)

set out in *Hawkins*.  Although the opinion in that case suggests a literal reading of the

statute may *imply* that at least one defendant must be served prior to removal, the

Eleventh Circuit has stated in an unpublished opinion that service of the complaint is not

required prior to removal.  *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir.

2008) (per curiam).[7]  The plaintiffs in *Whitehurst* appealed the district court's denial of

---

[7] "'Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.'" *Borden v. Allen*, 646 F.3d 785, 808 (11th Cir. 2011), *cert. denied*, 11-8303, 2012 WL 123875 (U.S. Apr. 16, 2012) (quoting 11th Cir. R. 36-2).

their motion to remand and argued *inter alia* that removal was improper because the

defendant "presented no evidence that it had been served with the complaint at the time it

filed its notice of removal." *Id.* The *Whitehurst* court affirmed the district court's denial

of plaintiffs' Motion to Remand stating "nothing in the removal statute, or any other legal

provision, requires that a defendant be served with the complaint before filing a notice of

removal." *Id.* (citing *Delgado v. Shell Oil Co.,* 231 F.3d 165, 177 (5th Cir. 2000); *City of*

*Ann Arbor Emps.' Ret. Sys. v. Gecht,* No. C–06–7453, 2007 WL 760568, at *9 (N.D. Cal.

Mar. 9, 2007)); *cf. Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 793-94 (11th

Cir. 2011) (per curiam) (holding that district court had subject-matter jurisdiction to

entertain complaint in removed case "without regard to the citizenship of" the unserved,

non-diverse forum defendant). While the court in *Whitehurst* did not distinguish–as the

*Hawkins* court did–between single and multi-defendant cases, it is persuasive that there

was only one defendant in *Whitehurst* and that court clearly held that based on its reading

of the statute, service was not a prerequisite to removal. Further, *Whitehurst* cites

approvingly to *Gecht*, which not only held that service on even one defendant is not

required before removal, but also criticized *Holmstrom v. Harad*, No. 05-C-2714, 2005

WL 1950672, at *2 (N.D. Ill. 2005), which held for policy reasons that the "joined and

served" requirement implies that at least one defendant receive service before removal.

306 F. App'x at 448. It is critical to note that *Hawkins* cited to *Holstrom* to support the

proposition that Section 1441 requires a defendant be served before removal, even though

the latter case grounded its holding on policy considerations rather than a plain reading of

the statute.  The court does not read Section 1441 as requiring receipt of service by at

least one defendant prior to Precoat's removal in this case, and the court is further

persuaded by the Eleventh Circuit's reading of the statute in *Whitehurst* as supported by

the cases cited therein.

Based on the foregoing, the court finds that Section 1441(b) permits removal under

the facts of this case.  While it is true that had plaintiff served Reynolds prior to January

4, 2012 the statute would have prevented removal by Precoat, such a hypothetical

inconsistency is not, in this court's opinion, a grossly absurd result, which would favor

remand.  "This is the consequence of the language of the statute . . . and it should not

affect the ruling in this case."  *Gibson*, 2010 WL 419393, at *4 n.2.

**B. Motion to Dismiss**

In the alternative, plaintiff moves to voluntarily dismiss her case pursuant to Rule

41 of the Federal Rules of Civil Procedure.  Plaintiff admits in her Motion that she seeks

dismissal to avoid "a strict application of § 1441(b)" allowing plaintiff "to refile her case

in State Court against Reynolds alone, and then, once [he] has been served, she can

amend her complaint and join Fikes and Precoat as party defendants."  (Doc. 7 at 26.)  As

discussed below, the court finds that dismissal of the case will not substantially prejudice

defendants, and thus, plaintiff's Motion will be granted.

### 1. Voluntary Dismissal–Legal Standard

After the defendant has answered or served a Motion for Summary Judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).  "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)); *see also Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam) ("'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'" (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir.1986))).  "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 877 (11th Cir. 2006) (per curiam) (quoting *Potenberg*, 252 F.3d at 1255).  "In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Pontenberg*, 252 F.3d at 1256 (quoting *McCants*, 781 F.2d at 857).

## 2. Plaintiff's Alternative Motion to Dismiss is Due to be Granted

Although the court's decision under Rule 41(a)(2) is discretionary, the above-quoted precedent favors dismissal in the absence of prejudice against defendants as a result of dismissing the case. Precoat offers no argument that it or the other defendants would suffer prejudice if the case were dismissed. Although all defendants have answered, there are no counter or cross-claims. Aside from the briefing and hearing regarding plaintiff's Motion, neither party has expended substantial resources in this case during its relatively short existence. Thus, the court finds that defendants will not endure any clear legal prejudice as a result of dismissal. Although plaintiff admittedly intends to refile her suit in state court to avoid removal a second time, such strategic maneuvering does not appear to be made in bad faith or as a result of a failure to timely meet deadlines. Further, each party shall bear its own costs upon dismissal. Given that this case has been short-lived in this court, the fact that plaintiff wishes to file a new action in state court–where plaintiff originally intended to try her case but for the state court Clerk's delay in serving Reynolds before removal–does not, in the court's opinion, subject defendants to significant "'practical prejudice'" regarding the expense of defending a new action. *Pontenberg*, 252 F.3d at 1260 (quoting *McCants*, 781 F.2d at 859).

Defendants point the court to decisions from other district courts, which have denied motions to voluntarily dismiss where it is clear that the plaintiff is attempting to avoid removal. *See, e.g.*, *Nogueras-Cartagena v. Rosello-Gonzalez*, 182 F.R.D. 380, 386

17

(D.P.R. 1998) (finding after plaintiff voluntarily dismissed claims against one defendant

that he should be rejoined as an indispensable party and further denying plaintiff's motion

to remand in part based on the "important federal questions and constitutional issues" at

the core of plaintiff's claims); *Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F. Supp.

500, 503 (N.D. Ga. 1983) (enjoining plaintiff's identical state court action, which added

forum defendants presumably to defeat removal then denying plaintiff's motion to

voluntarily dismiss based on the court's finding of "gamesmanship" as well as the fact

that the case was well into discovery and defendant had invested "considerable time and

expense").  Not only are these cases factually distinguishable from the case currently

before the court, the Eleventh Circuit precedent quoted above, other district court

decisions, and at least one commentator expressly contradict Precoat's arguments.  *See,*

*e.g.*, *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab.*

*Litig.*, 199 F.R.D. 304, 307-08 (S.D. Ind. 2001) (granting plaintiff's voluntary dismissal

and finding that defendants would not be prejudiced by plaintiff's intentions to refile in

state court and add non-diverse defendant to prevent removal);*Katzman v. Am. Airlines*,

No. 97–8321, 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997) ("[N]early all courts grant

[dismissals under Rule 41(a)(2) ] when defendant's only argument against dismissal is

that the plaintiff manifestly seeks to defeat federal jurisdiction . . . . These cases recognize

plaintiffs may refile in state court a complaint that either joins nondiverse parties or

reduces the amount in controversy." (citations omitted)); 9 CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2008) ("A

dismissal without prejudice has been allowed in a removed action so that the plaintiff

might start anew in a state court with a restructured action *that might avoid a second*

*removal*...." (emphasis added) (citations omitted)).  Given the facts of this case and the

relevant law, the court is of the opinion that plaintiff's alternative Motion to Dismiss

should be granted.

### III. CONCLUSION

Based on the foregoing and as directed by the court's Order entered

contemporaneously with this Opinion, plaintiff's Motion to Remand will be denied,

plaintiff's Motion to Stay will be denied as moot, and plaintiff's Motion to Dismiss will

be granted.  Plaintiff's case will be dismissed without prejudice.

**DONE**, this 28th day of September, 2012.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE