FILED
2013 Sep-03  PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SCARLETT GOODWIN, as the Dependent Widow of Robert Goodwin, deceased, and as the Administratrix of the Estate of Robert Goodwin, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 2:12-CV-0033-SLB |
| DeWIGHT REYNOLDS, an individual; FIKES TRUCK LINE, LLC, a company; SEQUA CORPORATION d/b/a/ PRECOAT METALS, a corporation; et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is currently before the court on defendant Fikes Truck Line, LLC's ("Fikes") Motion to Alter or Amend, (doc. 25),[1] and plaintiff Scarlett Goodwin's ("plaintiff") Renewed Motion to Remand, (doc. 28), or, in the Alternative, Motion to Stay Case, (*id.*). Upon consideration of the record, the relevant law, and the arguments of counsel, the court is of the opinion that Fikes's Motion to Alter or Amend is due to be denied, plaintiff's Renewed Motion to Remand and her Motion to Stay Case is due to be denied as moot.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a citizen of Ohio, commenced this lawsuit in the Circuit Court of Jefferson County, Alabama on December 29, 2011.  (*See* doc. 1-1 at 11 & 13.)  Defendant Precoat Metals ("Precoat") removed this case to federal court on January 4, 2012, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332.  (*See* doc. 1.) The Notice of Removal stated that complete diversity of citizenship existed between the parties, and defendant Dewight Reynolds ("Reynolds"), the only named Alabama defendant, had not received service of process at the time the Notice was filed.  (*Id*. ¶¶ 2 & 7.)

On February 2, 2012, plaintiff filed a Motion to Remand.  (Doc. 7).  Plaintiff argued that Precoat had improperly removed this action in contravention of the "forum defendant rule," set forth in 28 U.S.C. § 1441(b),[2] because Reynolds is an Alabama citizen.  (*Id*.) Precoat countered, arguing that the "forum defendant rule" did not preclude removal because, under the plain language of the statute, removal is only prohibited in diversity actions when

---

[2]Because this action was filed in December 2011, the prior version of 28 U.S.C. §1441(b) applies.  This section states, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  The current version of § 1441(b)(2) is substantially the same and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2)(2012).

the forum defendant has been "properly joined and served."[3]  (Doc. 8.)  The court ultimately

agreed with Precoat, and, on September 28, 2012, entered a Memorandum Opinion, (doc.

23), and Order, (doc. 24), denying plaintiff's Motion to Remand.

The Memorandum Opinion and Order also addressed plaintiff's alternative Motion

to Dismiss the Case Without Prejudice, (doc. 7), brought pursuant to Fed. R. Civ. P. 41(a)(2).

Plaintiff's express reason for seeking voluntary dismissal was to re-file this action in state

court.  Precoat and Fikes opposed the Motion to Dismiss, contending that voluntary dismissal

under Rule 41(a)(2) is impermissible when the sole purpose is to evade federal jurisdiction.

(*See* docs. 8 & 9.)  In its Memorandum Opinion, the court observed that "'[t]he crucial

question to be determined [in a Rule 41(a)(2) analysis] is, Would the defendant lose any

---

[3]The court notes:

> Removal based on diversity jurisdiction is intended to protect
> out-of-state defendants from possible prejudices in state court.  The need for
> such protection is absent, however, in cases where the defendant is a citizen
> of the state in which the case is brought.  Within this contextual framework,
> the forum defendant rule allows the plaintiff to regain some control over forum
> selection by requesting that the case be remanded to state court.  A procedural
> characterization of this rule honors this purpose because the plaintiff can either
> move to remand the case to state court within the 30-day time limit, or allow
> the case to remain in federal court by doing nothing.  Either way, the plaintiff
> exercises control over the forum.  Although a jurisdictional reading of the rule
> preserves the plaintiff's right to remand beyond the 30-day limit, it also allows
> the court to remand sua sponte, even if the plaintiff prefers to remain in federal
> court.

*Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).

substantial right by the dismissal. '" (Doc. 23 at 16 [quoting *McBride v. JLG Indus., Inc.*, 189 Fed. Appx. 876, 877 (11th Cir. 2006)(per curiam)].)   The court ultimately found that defendants would not incur clear legal prejudice or lose any substantial right as a result of dismissal. (*Id.* at 17.)   The court also disagreed with Precoat and Fikes's argument regarding the impropriety of voluntary dismissal when the manifest intent is to avoid removal. (*Id.* at 17-18.)   Pursuant to these findings, the court granted plaintiff's Motion to Dismiss Case Without Prejudice. (Doc. 24.)

On October 25, 2012, Fikes filed its Motion to Alter or Amend, (doc. 25). Therefore, Fikes urges the court to "reconsider pursuant to Rule 59(e) its decision granting Plaintiff's motion for voluntary dismissal . . . , the sole and expressly stated purpose of which was to manipulate the forum, defeat federal jurisdiction, and allow Plaintiff to re-file this action in a different, presumably more favorable forum." (*Id.* at 1-2.)   On December 18, 2012, plaintiff filed a Concession to Defendants' Motions to Reinstate the Case, (doc. 28), accompanied with a Renewed Motion to Remand, (*id.*), or, in the Alternative, Motion to Stay Case, (*id.*).   In this filing, plaintiff concedes that the Motion to Alter or Amend should be granted and this action reinstated.[4]   After reinstatement, plaintiff requests this court to either

---

[4]Plaintiff concedes to reinstatement reluctantly, however, in order to protect her claims from being barred by the statute of limitations.   Plaintiff explains that, following the court dismissing this case without prejudice, she re-filed her claims against Reynolds in Alabama state court.   After effecting service of process on Reynolds, plaintiff amended her complaint to add the corporate defendants and their affiliated entities as party defendants.   Defendants thereafter filed motions to dismiss in the state court litigation pursuant to the Alabama Abatement Statute, Ala. Code § 6-5-440, alleging that plaintiff is simultaneously prosecuting

(1) remand this action back to state court, (2) issue a stay until the parties obtain final appellate review on defendants' state court motions to dismiss, or, in the event neither of these options is acceptable, (3) have this case proceed on the merits.  On January 8, 2013, Fikes and Reynolds filed a Reply to Plaintiff's Response to Motion to Alter or Amend, (doc. 28).  In reply, Fikes and Reynolds argues for plaintiff's Renewed Motion to Remand and Motion to Stay Case be denied and for this litigation be reinstated without condition.

## II. DISCUSSION

### A.    MOTION TO ALTER OR AMEND, (DOC. 25)

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. Rule 59 does not set forth specific circumstances justifying relief under that section, and "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  Fikes's Motion is based on its assertion that dismissal denied it a

---

identical actions in the courts of this state.  Defendants argue in state court that plaintiff continues to prosecute this federal action and that, under Alabama's Abatement Statute, "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party."  Ala. Code § 6-5-440.

To date, the state court has not ruled on defendants' Motions to Dismiss.  The statute of limitations on plaintiff's claims expired on March 14, 2013.  Against this backdrop, plaintiff has reluctantly agreed to reinstatement because if the state court litigation is dismissed pursuant to the Alabama Abatement Statute, the statute of limitations will bar her from re-filing her claims.  However, reinstatement is not necessary to remedy plaintiff's predicament.  This court will retain jurisdiction to reinstate this case in the unlikely event the state court dismisses plaintiff's state-court action pursuant to § 6-5-440, even though the federal case is closed.

"substantial right" – "the right to remove an action which falls within the jurisdiction of the federal courts."  (Doc. 25 at 5-6 [quoting *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011)].)  However, the fact that Fikes was able to remove this case  was "far more of a fluke in the order of service [than] in any vested right of Defendant[ ] to have [this] case[ ] heard in federal court in the [Northern] District of [Alabama]."  *See Valerio ex rel. Valerio v. SmithKline Beecham Corp.*, No. 08-60522-CIV, 2009 WL 3753702, *1 (S.D. Fla. Nov. 5, 2009).  "A district court does not abuse its discretion in granting a motion for voluntary dismissal unless the party opposing the motion "will suffer some plain legal prejudice *other than the mere prospect of a second law suit*.  It is no bar to dismissal that [the movant] may obtain some tactical advantage thereby."  *Druid Hills Civic Ass'n, Inc. v. Federal Highway Admin.*, 833 F.2d 1545, 1549-50 (11th Cir. 1987)(quoting *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967))(emphasis in *Durham*). In a factually similar case, the District Court for the Northern District of Mississippi held:

> The court now turns to the plaintiff's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).  "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  "It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby."  *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 165 (1971)).  In the absence of plain legal prejudice, the court "should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor*, 279 F.3d at 317.

> The defendants argue that they will suffer plain legal prejudice if the court allows voluntary dismissal because they have expended considerable

6

> resources in removing the case and in defending a baseless motion to remand and because they will suffer the loss of a federal forum. The court does not consider the plaintiff's motion to remand baseless. Further, loss of a federal forum does not appear to be the type of prejudice contemplated by the relevant case law to preclude voluntary dismissal. Because Rule 41(a)(2) motions for voluntary dismissal should be freely granted in the absence of plain legal prejudice, the court finds that the plaintiff's motion is well taken and should be granted.

*Holmes v. Lafayette*, Civil Action No. 4:11CV021-B-S, 2013 WL 654449, *2 (N.D. Miss. Feb. 21, 2013); *see also Jones v. CSX Transp., Inc.*, No. CV 407-58, 2007 WL 2700006, *2 (S.D. Ga. Sept. 10, 2007)("Dismissals without prejudice under Rule 41(a)(2) are not improper in cases where, as here, the court's order would permit a plaintiff to refile in state court after the case had already been removed to federal court.").

The court finds that allowing this proceeding to go forward in the Alabama state court, given that one of the named defendants is a resident of Alabama, is not the type of legal prejudice to preclude voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). Therefore, the Motion to Alter or Amend, (doc. 25), and reinstate this action, will be denied.

**B.      RENEWED MOTION TO REMAND, OR IN THE ALTERNATIVE, MOTION TO STAY THE CASE, (DOC. 28)**

Because the court finds that the Motion to Alter or Amend is due to be denied, plaintiff's Renewed Motion to Remand, or in the alternative, Motion to Stay the Case, (doc. 28), will be denied as moot.

**C.      STATE-COURT MOTION TO DISMISS**

Concerned that the state court will grant defendants' now-pending Motion to Dismiss, plaintiff asks the court to "reinstate [her] claims in federal court in order to protect Plaintiff's claims from being barred on limitations/repose grounds." (Doc. 28 at 2.) The court notes that the state court has not ruled on the Motion to Dismiss and it appears to be waiting for this court's decision on Fikes's Motion to Alter and Amend. Therefore, the court finds that reinstatement is unnecessary.

Also, although not binding on the state court, this court notes that the abatement statute does not apply to bar plaintiff's state court action. Section 6-5-440 provides, "No plaintiff is entitled to ***prosecute*** two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the ***pendency*** of the former is a good defense to the latter if commenced at different times." Ala. Code §6-5-440 (emphasis added). At the time plaintiff re-filed her state-court action, this case was closed on plaintiff's Motion to Dismiss. Therefore, the federal case is not "pending" and plaintiff is not "prosecuting two actions." Any determination that the state-court action is due to be dismissed pursuant to Alabama's abatement statute seems extremely unlikely given the facts.

The court finds reinstatement of this case is not required to protect plaintiff from the abatement statute. Nevertheless, the court will retain jurisdiction for the limited purpose of

reinstating the case in the unlikely event that plaintiff's state-court case is dismissed pursuant

to Ala. Code § 6-5-440.

      **DONE**, this 2nd day of September, 2013.


*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE